UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,

                -against-

JOHN GRAVES,

                              Defendant.
------------------------------------------------------------X

S1 22-CR-142 (VSB)

**ORDER**

VERNON S. BRODERICK, United States District Judge:

      Sentencing is scheduled for January 26, 2024 at 1 p.m. In connection with Defendant's sentencing, I have received the Presentence Investigation Report ("PSR"), the sentencing memorandum of Defendant John Graves, ("Graves" or "Defendant") dated January 12, 2024, (Doc. 182), and the Government's sentencing letter dated January 20, 2024. (Doc. 187.) The parties should supply the requested materials and be prepared to address the following during the sentencing hearing:

1. Paragraph 66 contains a chart of "temporary orders of protection issued against [Graves] between March 2013 and January 2023". On page 3 of the Government's sentencing letter it states "The intimate partner, who obtained a protective order for herself and her child with the defendant, as reflected in the PSR, reported succinctly to the NYPD at the time of the attack, "MY BABY FATHER DIDN'T WANT TO LEAVE AND HE STARTED BEATING THE SHIT [OUT] OF ME[.] I WANT HIM[ ] IN JAIL." Please provide copies of the protective orders and/or documents submitted in support of the protective orders

1

referenced in paragraph 66 of the PSR to the extent they were produced in discovery or are in the possession of the Government. The Government should redact or file documents under seal as it deems warranted with an explanation for such redaction or sealing requests.

2. On page 8, footnote 18 of the defense sentencing memorandum it states "Further, while paragraph 66 of the PSR reflects orders of protection were entered on behalf on Ms. Jones and two of Mr. Graves' children in shortly before Mr. Graves' arrest in this case, we understand those matters were amicably resolved and the subsequent orders of protection in paragraph 66 appear to be in error." (Doc. 182.)

   a. What is the basis for the belief that the "matters were amicably resolved"?

   b. What is the basis for the statement that "the subsequent orders of protection in paragraph 66 appear to be in error."?

3. On page 2 of the Government's sentencing letter it states: "During this same time period from October 2020 to March 2022, however, the defendant was otherwise regularly present in the Building and involved in the distribution of controlled substances there as a worker for the DTO, as corroborated by his appearance in video-recorded controlled transactions involving other members of the DTO." (Doc. 187 at 2.) The parties should be prepared to discuss the frequency with which Graves appears in video-recorded controlled transactions other than the "four controlled transactions with confidential sources equipped with body-worn cameras . . . in or about October 2020, December 2020, [ ] January 2022 . . .[, and] March 2022." (*Id.*)

4. To the extent the Government obtained and produced in discovery geolocation information related to the cellular telephone associated with Graves during the time frame of the charged offense, how often was the cellular telephone associated with Graves in the vicinity of 2685 Valentine Avenue, Bronx, New York during the time of the charged offense?

5. On page 2 of the Government's sentencing letter it states "on or about March 5, 2022, the defendant sold a confidential source approximately 20 glassines containing heroin and fentanyl in the lobby of the Building." (*Id.*)

   a. What drug did the confidential source request from Graves or another member of the drug trafficking organization ("DTO")?

   b. Was the heroin and fentanyl mixed together in the same glassines or packaged separately?

   c. What evidence is there that Graves was aware the glassines contained fentanyl?

SO ORDERED.

Dated: January 25, 2024
      New York, New York

Vernon S. Broderick
United States District Judge